**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CHRISTOPHER MULLEN,**                          :

          **Petitioner**          :    **CIV. ACTION NO. 3:22-CV-953**

      **v.**                          :          **(JUDGE MANNION)**

**BOBBI JO SALAMON,** *et al.,*          :

         **Respondents**          :

## MEMORANDUM

Presently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254. For the reasons set forth below, the petition will be denied and a certificate of appealability will not issue.

## I.    BACKGROUND

Petitioner, Christopher Mullen, is incarcerated in Rockview State Correctional Institution ("SCI-Rockview"). He brings the instant case under 28 U.S.C. §2254 to challenge the legality of a 2019 criminal conviction and sentence in the Lycoming County Court of Common Pleas. (Doc. 1).

The Superior Court of Pennsylvania has succinctly summarized much of the relevant procedural history and factual background. In 2017, Mullen was under the supervision of the Pennsylvania Board of Probation and Parole. *Commonwealth v. Mullen*, 267 A.3d 507, 509 (Pa. Super. Ct. 2021).

Mullen absconded, which resulted in the issuance of a warrant for his arrest. *Id.* On June 7, 2017, parole agent Michael Barvitskie received an anonymous tip that Mullen was located at 408 Anthony Street in Williamsport, Pennsylvania. *Id.* The tip indicated that there might be guns and drugs present in the home. *Id.* Barvitskie investigated the tip and learned that 408 Anthony Street was a twin home with 406 Anthony Street, and that Mullen's mother lived in the other home. *Id.* Later that day, parole agents and law enforcement officers surrounded the home. *Id.* Barvitskie observed Mullen through the window of the home and ordered him to exit the premises. *Id.* Mullen refused and closed the blinds. *Id.*

Parole agents knocked on the door at 408 Anthony Street and another male, whose last name was Miller, answered the door. *Id.* Miller initially denied that Mullen was present in the home, but later admitted that he was there. *Id.* The agents and officers entered and observed guns and drugs in the home. *Id.* Parole agents subsequently located Mullen in the crawl space of the home. *Id.* A special response team pulled him out of the crawl space from his mother's side of the home. *Id.* After arresting Mullen, the officers obtained a search warrant for the home. *Id.*

Mullen was charged with various gun- and drug-related offenses. *Id.* He filed a motion to suppress evidence on August 10, 2017, arguing that the

anonymous tip was unreliable and that the law enforcement officers lacked reasonable suspicion or probable cause to enter the residence. *Id.* Mullen argued that all evidence seized from the home should be suppressed as fruit of the poisonous tree. *Id.* at 511. The trial court denied the motion to suppress following a suppression hearing on October 12, 2017. *Id.*

On January 22, 2019, Mullen filed a motion *in limine*, arguing that officers needed to obtain a warrant prior to entering the home and seeking to bar all evidence seized from the home. *Id.* The trial court denied the motion as untimely and waived the next day. *Id.*

On February 15, 2019, Mullen was convicted of two counts of unlawful possession of a firearm, one count of possession of a controlled substance, and one count of possession of drug paraphernalia. *Id.* The trial court sentenced Mullen to an aggregate term of 6-13 years of imprisonment on April 2, 2019. *Id.* Mullen filed a post-sentence motion, which the trial court denied as untimely on June 12, 2019. *Id.* He did not file a direct appeal to the Superior Court. *Id.*

Mullen subsequently filed a pro se petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Id.* Counsel was appointed to represent Mullen, and he then filed an amended petition through counsel seeking reinstatement of his right to file a direct appeal. *Id.* The court

of common pleas granted the PCRA petition and reinstated Mullen's direct appeal rights on October 3, 2019. *Id.* Mullen then filed a direct appeal to the Superior Court on October 14, 2019. *Id.*

On appeal, Mullen argued the trial court erred when it denied his motion to suppress evidence on the grounds that it was obtained without a warrant. *Commonwealth v. Mullen*, 237 A.3d 479 (Pa. Super. Ct. 2020). The Superior Court affirmed, concluding that Mullen waived his claim by failing to argue the lack of a warrant before the trial court. *Id.*

On June 8, 2020, Mullen filed a pro se petition for PCRA relief. *Mullen*, 267 A.3d at 511. Counsel was appointed to represent Mullen, and after conducting a hearing the court of common pleas denied the petition on April 20, 2021. *Id.* Mullen appealed on April 29, 2021, arguing that trial and appellate counsel were ineffective for failing to properly pursue suppression of evidence seized from the home. *Id.* The Superior Court affirmed the denial of the petition on December 8, 2021. *Id.* at 517. Mullen filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on March 23, 2022. *Commonwealth v. Mullen*, 275 A.3d 488 (Pa. 2022).

Mullen filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 16, 2022. (Doc. 1). The petition asserts thee claims for habeas corpus relief: (1) that trial and appellate counsel were ineffective

for failing to properly pursue suppression of the evidence seized from the home; (2) that the officers needed to have a warrant to enter the home to arrest Mullen; and (3) that there was no probable cause to enter the home. (*Id.*) Respondents filed a response to the petition on March 9, 2023. (Doc. 10). Respondents argue that Mullen's ineffective assistance of counsel claim should be denied on its merits and that Mullen procedurally defaulted his other two claims in state court. (*Id.*) Mullen filed a reply brief on March 24, 2023, making the petition ripe for review. (*See* Doc. 11).

## II.   STANDARD OF REVIEW

A United States District Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

## III.   DISCUSSION

### A.   Fourth Amendment Claims

The court will first address Mullen's claims that officers lacked a warrant or probable cause to enter the home at 408 Anthony Street. The gravamen of these claims is that law enforcement officials entering the home without probable cause or a warrant violated the Fourth Amendment. Respondents contend that Mullen procedurally defaulted these claims.

5

The court need not address respondents' procedural default argument because, regardless of whether the claims were procedurally defaulted in state court, they do not present a cognizable claim for habeas corpus relief in federal court. Where a state "has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 495 (1976); *accord Marshall v. Hendricks*, 307 F.3d 36, 81 (3d Cir. 2002). Mullen has not advanced any arguments that he was deprived of a full and fair opportunity to litigate his Fourth Amendment claims in state court, and it appears that he was given such an opportunity when he was allowed to file a motion to suppress the evidence and afforded a hearing on that motion. *See, e.g.*, *United States ex rel. Petillo v. State of New Jersey*, 562 F.2d 903, 907 (3d Cir. 1977) (holding that petitioner had full and fair opportunity to challenge evidence where he filed motion to suppress and his habeas corpus claim merely challenged a factual finding made by the trial court during the resulting suppression hearing). This court will accordingly deny relief on the Fourth Amendment claims because they are barred by *Stone* and its progeny.

6

## B.    Ineffective Assistance of Counsel

Mullen's ineffective assistance of counsel claim was decided on the merits in state court and is accordingly governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet." *Mays v. Hines*, 592 U.S. 385, 391 (2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03 (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)). "Federal habeas courts must defer to reasonable state-court decisions," *Dunn v. Reeves*, 594

7

U.S. 731, 733 (2021), and may only grant habeas corpus relief when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement." *Mays*, 592 U.S. at 391 (quoting *Harrington*, 562 U.S. at 102). When a claim has been decided on its merits in state court, federal court review of the claim is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

To obtain habeas corpus relief based on ineffective assistance of counsel, petitioners must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court's analysis as to whether counsel's performance was deficient must be "highly deferential" to counsel, and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The court's analysis is "doubly deferential" when a state court has already decided that counsel's performance was adequate. *Dunn*, 594 U.S. at 739. The court must apply a high level of deference both to counsel's actions and to the state court's determination that counsel's actions were constitutionally adequate. *Id.*; *Knowles v. Mirzayance*, 556 U.S. 111, 123

(2009) (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)). The federal court may only grant habeas relief if "*every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision." *Dunn*, 594 U.S. at 740 (emphasis in original) (quoting *Harrington*, 562 U.S. at 101).

Mullen's ineffective assistance of counsel claim asserts that his trial and direct appeal counsel were ineffective for failing to preserve his arguments for suppression of the evidence seized from his home. (Doc. 1 at 5). The Superior Court considered this claim on its merits and denied it, concluding that Mullen did not show that he suffered prejudice from counsel's purportedly deficient representation. *Mullen*, 267 A.3d at 512. The court noted that the underlying argument was that suppression of the evidence seized from the home was required by the Pennsylvania Supreme Court's decision in *Commonwealth v. Romero*, 183 A.3d 364 (Pa. 2018). The court concluded that the facts of Mullen's case were distinguishable from *Romero* because *Romero* "addressed the rights of third parties who were not the subject of an arrest warrant." *Mullen*, 267 A.3d at 516. The court concluded that, contrary to Mullen's argument, the facts of the case were governed by *Commonwealth v. Stanley*, 446 A.2d 583 (Pa. 1982). *Mullen*, 267 A.3d at 516. The court explained:

> Here, as in *Stanley*, police had a valid arrest warrant for Appellant. Agent Barvitskie testified that he received an

9

anonymous tip that Appellant was at 408 Anthony Street in Williamsport the night before. When agents arrived at 408 Anthony Street shortly after receiving the tip, Agent Barvitskie personally observed Appellant through the window. Under *Stanley*, a valid arrest warrant and Agent Barvitskie's reasonable belief that Appellant was inside were all that the agents needed to enter the third-party residence for purposes of protecting Appellant's Fourth Amendment rights.

*Id.* The court then concluded that suppression of the evidence would not be required under the standards set forth in *Stanley* and that Mullen therefore could not establish prejudice for counsel's purportedly deficient representation. *Id.* at 516-17.

The Superior Court's conclusion that Mullen could not establish prejudice because *Romero* addresses only the rights of third parties and not the subjects of arrest warrants effectively ends this court's analysis. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Rickey*, 546 U.S. 74, 76 (2005). Concluding that Mullen suffered prejudice from counsel's failure to preserve his suppression arguments would require this court to interpret *Romero* in a way that differs from the

Superior Court's interpretation of *Romero*. This the court may not do.[1] *See* *Bradshaw*, 546 U.S. at 76. Furthermore, even if the court could interpret *Romero* differently from the Superior Court's interpretation, habeas corpus relief would still not be warranted: the Superior Court's ultimate conclusion that Mullen did not suffer any prejudice is neither contrary to, nor an unreasonable application of, clearly established federal law under *Strickland* and its progeny. The court will accordingly defer to the Superior Court's conclusion that Mullen's ineffective assistance of counsel claim fails for his inability to establish prejudice and deny the claim.

---

[1] The court acknowledges that the Superior Court was interpreting *Romero*, which itself was interpreting the Fourth Amendment to the United States Constitution. Although the Fourth Amendment is obviously federal law, the derivative question of how to properly interpret the holding of a Pennsylvania Supreme Court decision appears to be a question of state law because the effect of the holding is to control the analyses of future decisions by lower Pennsylvania courts. AEDPA does not "permit federal judges to casually second-guess the decisions of their state-court colleagues or defense attorneys." *Collins v. Sec'y of Pa. Dep't of Corrs.*, 742 F.3d 528, 543 (3d Cir. 2014) (internal alterations omitted) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). It is not the province of this court to tell the Pennsylvania Superior Court how to interpret decisions of the Pennsylvania Supreme Court. *See, e.g.*, *Taylor v. Horn*, 504 F.3d 416, 448 (3d Cir. 2007) (noting that federal habeas courts "have no supervisory authority over state judicial proceedings." (quoting *Geschwendt v. Ryan*, 967 F.2d 877, 888-89 (3d Cir. 1992))).

## IV.   CONCLUSION

For the foregoing reasons, the court will deny the petition for writ of habeas corpus. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** *10/10/24*
22-953-01